# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMALIA VILLA,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>        Defendant. | Case No. 2:15-cv-01392-JAD-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned Magistrate Judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Amalia Villa's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's motion for reversal/remand (ECF No. 16), filed March 14, 2016, the Commissioner's response and cross-motion to affirm (ECF Nos. 17, 18), filed April 13, 2016, and Plaintiff's Reply (ECF No. 19), filed May 3, 2016.

## BACKGROUND

**1.  Procedural History**

On March 27, 2012, Plaintiff applied for disability insurance benefits, alleging an onset date of October 1, 2010.  AR[1] 140-148.  Plaintiff's claim was denied initially on September 6, 2012, and upon reconsideration on March 13, 2013.  AR 66-77.  Administrative Law Judge David K. Gatto conducted a hearing on November 19, 2013,  AR 44-55, and on January 21, 2014, issued an unfavorable determination.  AR 23-41.  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on June 24, 2015.  AR 1-9.  Plaintiff, on July 21, 2015, commenced

---

[1]  AR refers to the Administrative Record in this matter.  (Notice of Administrative Filing (ECF No. 13).)

this action for judicial review under 42 U.S.C. §§ 405(g).  *See* ECF Nos. 1, 3.

**2.     The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920.  AR 29-31.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of October 1, 2010.  AR 31.  At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of status post fusion of the lumbar spine with lumbar spondylosis at L4 through S1 with history of chronic low back pain.  *Id.*  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1.  *Id.*  Under step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she may never climb ladders, ropes, and scaffolds.  AR 32.  She may occasionally be exposed to wetness, hazards, and dangerous moving machinery.  *Id.*  The ALJ found that Plaintiff could not perform her past relevant work.  AR 36.  The ALJ classified Plaintiff as a younger individual on the alleged disability date.  *Id*.  The ALJ categorized Plaintiff as possessing a limited education and the ability to communicate in English.  *Id*.  The ALJ accepted testimony of a vocational expert that an individual of Plaintiff's age, education, work experience, and residual functional capacity could perform the work of fast food worker, ticketer and electronic assembler.  AR 37.  Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from October 1, 2010, the alleged onset date, through the date of the decision.  AR 38.

## DISCUSSION

**1.     Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with

or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.      Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis

proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.     Analysis**

Plaintiff seeks reversal of the ALJ's decision because he failed to give sufficient weight to the opinion of Dr. David Mumford, M.D., who opined that Plaintiff can occasionally balance, never stoop/bend, occasionally kneel; never crouch/squat; and never crawl. Plaintiff argues that the ALJ essentially rejected Dr. Mumford's opinions because the low back pain would not be as limiting as found, and Plaintiff's work, erroneously identified as a retail clerk, in 2011. Plaintiff notes that she worked as a caretaker, not a retail clerk, in 2011. Plaintiff therefore concludes that the ALJ's reasons were not sufficiently specific, and are simply the ALJ's unsupported conclusions. The Commissioner responds that the ALJ properly considered and gave weight to the portions of Dr. Mumford's opinion that were consistent with his examination finding and the record as a whole, and substantial evidence supports his decision.

In assessing the Plaintiff's RFC, and in extensively discussing Dr. Mumford's findings, the ALJ found that there were significant limitations alleged by Plaintiff that were unsupported by the record, and that Plaintiff was not credible. For example, the ALJ noted that although Plaintiff complained about persistent pain in her shoulders, elbows, wrist, hands, knees, ankles, and feet, her pain had not been diagnosed and she had not sought medical attention for these problems. The ALJ explained that Plaintiff would not have significant standing, walking, or sitting restrictions because Dr. Mumford found no objective evidence of any impairment that would limit the Plaintiff's ability to do so, despite her allegations. In arriving at his conclusions, the ALJ considered Plaintiff's poor work history, clear motivation for secondary gain, history of routine treatment incommensurate with the alleged severity of

her symptoms, activities of daily living including working as a caretaker while alleging disability, the lack of objective evidentiary support, and evidence of treatment effectiveness.  AR 32-33, 35-36.  The ALJ reviewed, in detail, the findings of Dr. Mumford, and the various allegations made by Plaintiff, and gave the findings some weight, but simply did not adopt the opinion as to postural limitations set forth by Dr. Mumford.  The ALJ did indicate that Plaintiff "worked as an in-home personal care attendant during after (sic) her alleged disability onset date," AR 32, and then erroneously also indicated that in 2011 she "was required to engage in these activities occasionally as a *retail clerk*" and "received no special accommodations."  AR 34 (emphasis added).  It appears that the reference to Plaintiff's work as a retail clerk was erroneous—Plaintiff testified that she worked for several years taking care of adult residents after 2010, when she claimed she was disabled.  AR 48.  Although not substantial gainful activity as that term is defined, it suggested to the ALJ that Plaintiff was not as limited as she alleged.  The ALJ discounted Dr. Mumford's postural limitations because they were supported only by Plaintiff's discredited subjective complaints, which the ALJ found to be not credible based upon "objective medical signs and findings of the record as a whole under SSR 96-7p."  AR 33.  The Court finds the ALJ's conclusions supported by substantial evidence in the record.

     Plaintiff also argues that the ALJ failed to address or give weight to the opinions of the state agency physicians, Dr. Dougan and Dr. Villaflor, who opined that Plaintiff had some postural limitations, and that the vocational expert identified occupations which require some of the postural limitations that were assessed.  Plaintiff does not identify those postural limitations, nor outline their relevance to the occupations identified by the vocational expert.  The Commissioner responds that the State agency medical opinions merely summarized the evidence already discussed by the ALJ, and did not add substantive evidence not already considered, so any failure by the ALJ to discuss those summaries was harmless.   The Court finds that the ALJ set forth a detailed and thorough summary of the facts and conflicting clinical evidence, and appropriately assessed the medical evidence.  Plaintiff has failed to show any prejudice which may have resulted from the failure to fully discuss Dr. Dougan and Villaflor's postural limitations, and so if it was erroneous, it was harmless.

/ / /

/ / /

**CONCLUSION AND RECOMMENDATION**

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal/remand (ECF No. 16) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 17) be **granted.**

**NOTICE**

This Report and Recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 10, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**